

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00119-CV

JACK BREWER AND ZOE BREWER                                    APPELLANTS

V.

GREEN LIZARD HOLDINGS, L.L.C.                                    APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Jack Brewer and Zoe Brewer attempt to appeal from a judgment awarding possession of real property at 6608 Shadow Rock, Plano, Denton County, Texas to Appellee Green Lizard Holdings, L.L.C., which bought the property at a sheriff's tax sale in May 2012 and then filed a forcible detainer action in the justice of the peace court to have Appellants evicted. That court

---

[1]*See* Tex. R. App. P. 47.4.

ordered the eviction, and upon Appellants' appeal de novo, the county court at law likewise ordered the eviction. The Brewers timely appealed.

Appellee filed a motion to dismiss, contending that the appeal is moot because the writ of eviction has now been served and Appellants have no continuing interest in possession of the property.[2] Zoe Brewer did not respond. Jack Brewer filed a response in which he contends that he is "claiming a current right to possession," but nothing in the record supports that contention.

As the Supreme Court of Texas has explained,

> The only issue in a forcible detainer action is the right to actual possession of the premises.
>
> . . . .
>
> An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. Judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession.[3]

Our review of the record reveals no "potentially meritorious claim of right to current, actual possession" by the Brewers.[4] Further, our review of the record reveals that the only possible claim on appeal they could have in this matter

---

[2]Appellee discusses Zoe Brewer in its motion, served the motion on Zoe Brewer, and requests that the appeal be dismissed. We therefore liberally construe the motion to encompass the entire case.

[3]*Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785, 787 (Tex. 2006).

[4]*See id.* at 787.

would be the challenge of costs assessed against them in the judgment. But the supreme court has held in similar circumstances that an issue of costs does not prevent the dismissal of the case as moot.[5] The supreme court explained that "[i]f the trial court's judgment is vacated as a result of the case being moot, . . . either there will be no order assessing costs and each party will be required to pay its own costs . . . , or the appellate court will tax costs."[6]

Because Appellants have been evicted and the record reveals no potentially meritorious issue related to possession, and because the issue of costs does not operate to prevent the dismissal of the case as moot, we grant Appellee's motion, dismiss all other pending motions, vacate the trial court's judgment, and dismiss this case as moot.[7]

PER CURIAM

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: September 19, 2013

---

[5] *Id.* at 790.

[6] *Id.*

[7] *See id.*